IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACOB CHAVEZ-GARNETT,

Plaintiff,

vs. No. CV 19-00077 WJ/LF

CORE CIVIC NORTHWESTERN NEW
MEXICO DEPARTMENT OF CORRECTIONS,

Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Complaint for Violation of Civil Rights (Doc. 1) ("Complaint") filed by Plaintiff, Jacob Chavez-Garnett. The Court will dismiss the Complaint for failure to state a claim for relief and will grant Plaintiff leave to file an amended complaint within 30 days.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the time he filed the Complaint, Plaintiff Chavez-Garnett was a convicted New Mexico state prisoner serving his sentence at the Northwest New Mexico Correctional Center. (Doc. 1 at 2, 4). Chavez-Garnett's Complaint asserts civil rights claims under 42 U.S.C. § 1983. (Doc. 1 at 2-3). As a basis for § 1983 jurisdiction, Plaintiff states:

> "Unnecessary use of force/excessive force with intention commit bodily harm, pain and suffering, assault and anything that falls under these precepts."

(Doc. 1 at 3). In describing how each defendant acted under color of law, Plaintiff Chavez-Garnett claims "I was assaulted, stolen from, and treated less than an animal, I was involved in an incident resulting in injury." (Doc. 1 at 4). Plaintiff's statement of his claim alleges:

> "I was shot and maced and verbally and physically abused. I was stepped on & forcefully zip tied injuring my shoulder. I also was held for hours in zip ties hurting as well as denied restroom even tho I asked and complained several times. Officers of state and core civic treated me and others terribly and brutally. The staff and other inmates seen all of the ill treatment."

(Doc. 1 at 5). Plaintiff Chavez-Garnett describes his injuries as follows:

> "I sustained extreme swelling and pain in my left leg with bruising as well as my shoulder out of socket. Since then I experienced nightmares and relapses of what occurred and post tramatic stress I received no ice or pills for my injuries. I popped my own shoulder into place. I was forced to limp around on my left leg. Refused to take pictures of bruises and swelling."

(Doc. 1 at 5). Plaintiff seeks relief:

> "To be compensated for pain and suffering, mental anguish, mental distress, and anything that falls under these precepts in the Judgement of the amount of seven million dollars. I have been hurt both physically and mentally, made to suffer, and humiliated. All without cause or reason."

(Doc. 1 at 5).

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

Plaintiff Chavez-Garnett is proceeding pro se and *in forma pauperis*. (Doc. 4). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp._v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of*

*Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S.

266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional

right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

In this case, Plaintiff Chavez-Garnett does not name any individual governmental official as a defendant. Nor does he allege any personal conduct by any identified official. The closest Plaintiff comes to alleging individual conduct is his generalized allegation that "Officers of state and core civic treated me and others terribly and brutally." (Doc. 1 at 5). His allegations do not identify who the officers are, or what actions any individual officer took that were terrible or brutal, or how any actions resulted in a violation of Plaintiff Chavez-Garnett's constitutional rights. *Robbins v. Oklahoma,* 519 F.3d at 1249-50; *Trask v. Franco*, 446 F.3d at 1046. Therefore, under either the Rule 12(b)(6) or § 1915(e)(2)(B) standards, the Complaint fails to state a civil rights claim against any government official. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Nor does the Complaint state a claim against any governmental entity. Plaintiff Chavez-Garnett names "Core Civic Northwestern New Mexico Department of Corrections" as the sole Defendant in the case. (Doc. 1 at 1). However, there is no such entity. Plaintiff may be trying to allege a claim against Core Civic, a private company that manages prison facilities in New Mexico. In *Monell v. Dep't of Social Services of New York,* 436 U.S. 658 (1978) the Supreme Court held that a state actor cannot be held vicariously liable for claims brought under 42 U.S.C. § 1983. It is now well settled that *Monell* extends to private defendants sued under § 1983. *See e.g., Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir.2003) (collecting circuit court cases); *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 944 (10th Cir. 2005). As such, a private actor "cannot be held liable *solely* because it employs a tortfeasor—or, in other words ... cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell,* 436 U.S. at 691 (emphasis in original).

Therefore, in order to hold a private entity liable for the alleged tortious acts of its officers, a plaintiff must show that the entity instituted an official policy of some nature and that policy, in turn, was a direct cause or moving force behind the constitutional violations. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480–85 (1986); *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 820 (1985); *Smedley v. Corr. Corp. of Am.*, 175 F. App'x at 946. Plaintiff Chavez-Garnett does not allege that Core Civic instituted any official policy, or that any policy of Core Civic directly caused a violation of Plaintiff's constitutional rights. *Pembaur v. City of Cincinnati,* 475 U.S. at 480–85. Therefore, Plaintiff's Complaint fails to state any factually sufficient § 1983 claim against Core Civic. *Monell,* 436 U.S. at 691; *Pembaur,* 475 U.S. at 480–85; *Dubbs v. Head Start, Inc.,* 336 F.3d at 1216.

Alternatively, Plaintiff Chavez-Garnett may be seeking to assert claims against Northwest New Mexico Correctional Center. Northwest New Mexico Correctional Center is a state detention facility. A detention facility is not a person or legally created entity capable of being sued. *White v. Utah*, 5 F. App'x. 852, 853 (10th Cir. 2001) (unpublished). A detention center is not a suable entity in a § 1983 action. *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014). A detention center is not a suable entity, because it is not a "person" within the meaning of 42 U.S.C. § 1983. *Kristich v. Metropolitan Detention Ctr.*, 2016 WL 5387675 at *2 (D.N.M. 2016). *See Wishneski v. Lea Cty. Det. Ctr.*, 2012 WL 1688890, at *2 (D.N.M. 2012; *Gallegos v. Bernalillo Cty. Bd. of Cty. Commissioners*, 272 F. Supp. 3d 1256, 1264–65 (D.N.M. 2017). The Complaint does not state any claim for § 1983 relief against Northwest New Mexico Correctional Center.

Last, Chavez-Garnett may be attempting to name the New Mexico Department of Corrections as a Defendant. The New Mexico Corrections Department is a state agency. As such,

the claims against it are claims against the State of New Mexico. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor its agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983. Therefore, to the extent Plaintiff makes claims against the New Mexico Corrections Department, those claims will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64, 67, 71.

## III. PLAINTIFF WILL BE GRANTED LEAVE TO FILE AN AMENDED COMPLAINT

The broad, generalized, and conclusory allegations of the Complaint are factually insufficient and fail to state any claim for § 1983 relief. *Twombly,* 550 U.S. at 570. The Court will dismiss the Complaint and will grant Plaintiff Chavez-Garnett the opportunity to file an amended complaint specifying individuals, the individualized actions of officers at Northwest New Mexico Correctional Facility, and how Plaintiff claims those actions resulted in violation of his constitutional rights. *Hall v. Bellmon,* 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings). The amended complaint must state the facts of each separate claim and why Plaintiff believes Plaintiff's constitutional rights were violated. Plaintiff Chavez-Garnett should include names of individual defendants and their official positions, a description of their individual actions, and relevant dates, if available. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.

Plaintiff Chavez-Garnett may assert claims against Core Civic in his amended complaint, but only if Chavez-Garnett alleges that the defendant entity caused a constitutional violation by instituting a specific, identified, official policy of some nature. That policy, in turn, must be a direct cause or moving force behind the constitutional violations. *Pembaur,* 475 U.S. at 480–85. Plaintiff may not re-assert claims against the New Mexico Department of Corrections or its detention facility, Northwest New Mexico Correctional Center. *Will,* 491 U.S. at 63-64.

The Court will Order Plaintiff Chavez-Garnett to amend the Complaint to allege any claims he believes he may have against any individual defendant or governmental entity consistent with the requirements of Fed. R. Civ. P. 11(b) and this Memorandum Opinion and Order. Plaintiff must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order. Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

**IT IS ORDERED:**

(1) the Complaint for Violation of Civil Rights (Doc. 1) filed by Jacob Chavez-Garnett is **DISMISSED** for failure to state a claim on which relief can be granted; and

(2) Plaintiff Jacob Chavez-Garnett is granted leave to file an amended complaint within 30 days of entry of this Memorandum Opinion and Order.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE