IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACOB CHAVEZ-GARNETT,

    Plaintiff,

vs.                                                    No. CV 19-00077 WJ/LF

CORE CIVIC NORTHWESTERN NEW
MEXICO DEPARTMENT OF CORRECTIONS,

    Defendant.

## MEMORANDUM OPINION AND
## FINAL ORDER OF DISMISSAL

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Complaint for Violation of Civil Rights (Doc. 1) ("Complaint") filed by Plaintiff, Jacob Chavez-Garnett. The Court previously dismissed Plaintiff's claims and granted him leave to file an amended complaint within 30 days. (Doc. 7). Plaintiff has not filed an amended complaint or otherwise responded to the Court. The Court will dismiss the Complaint with prejudice for failure to state a claim for relief and will enter final Judgment.

At the time he filed the Complaint, Plaintiff Chavez-Garnett was a convicted New Mexico state prisoner serving his sentence at the Northwest New Mexico Correctional Center. (Doc. 1 at 2, 4). Chavez-Garnett's Complaint asserts civil rights claims under 42 U.S.C. § 1983. (Doc. 1 at 2-3). As a basis for § 1983 jurisdiction, Plaintiff states:

> "Unnecessary use of force/excessive force with intention commit bodily harm, pain and suffering, assault and anything that falls under these precepts."

(Doc. 1 at 3). In describing how each defendant acted under color of law, Plaintiff Chavez-Garnett claims "I was assaulted, stolen from, and treated less than an animal, I was involved in an incident resulting in injury." (Doc. 1 at 4). Plaintiff's statement of his claim alleges:

> "I was shot and maced and verbally and physically abused. I was stepped on & forcefully zip tied injuring my shoulder. I also was held for hours in zip ties hurting as well as denied restroom even tho I asked and complained several times. Officers of state and core civic treated me and others terribly and brutally. The staff and other inmates seen all of the ill treatment."

(Doc. 1 at 5). Plaintiff Chavez-Garnett describes his injuries as follows:

> "I sustained extreme swelling and pain in my left leg with bruising as well as my shoulder out of socket. Since then I experienced nightmares and relapses of what occurred and post tramatic stress I received no ice or pills for my injuries. I popped my own shoulder into place. I was forced to limp around on my left leg. Refused to take pictures of bruises and swelling."

(Doc. 1 at 5). Plaintiff seeks relief:

> "To be compensated for pain and suffering, mental anguish, mental distress, and anything that falls under these precepts in the Judgement of the amount of seven million dollars. I have been hurt both physically and mentally, made to suffer, and humiliated. All without cause or reason."

(Doc. 1 at 5).

On June 30, 2021, the Court entered its Memorandum Opinion and Order dismissing Plaintiff's Complaint for failure to state a claim on which relief can be granted. (Doc. 7). The Court granted Plaintiff Chavez-Garnett leave to file an amended complaint to remedy the deficiencies in his pleading within 30 days after entry of the Memorandum Opinion and Order. (Doc. 7 at 7-8). More than 30 days has elapsed since entry of the Memorandum Opinion and Order and Plaintiff has not filed an amended complaint, nor has he responded to the Court's Memorandum Opinion and Order. Mail to the Plaintiff is being returned as undeliverable (Doc.

8), indicating that Plaintiff has been transferred or released from custody without advising the Court of a new mailing address in violation of D.N.M. LR-Civ. 83.6.

In its June 30, 2021 Memorandum Opinion and Order, the Court dismissed Plaintiff's Complaint, first, because it does not name any individual governmental official as a defendant or allege any personal conduct by any identified official.  His allegations do not identify any officers, what actions any individual officer took, or how any actions resulted in a violation of Plaintiff Chavez-Garnett's constitutional rights. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008); *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). Therefore, under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C.  § 1915(e)(2)(B) standards, the Complaint fails to state a civil rights claim against any government official. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  (Doc. 7 at 5).

The Court also concluded that the Complaint does not state a claim against any governmental entity.  Plaintiff Chavez-Garnett names "Core Civic Northwestern New Mexico Department of Corrections" as the sole Defendant in the case. (Doc. 1 at 1).  However, there is no such entity.  Further, to the extent Plaintiff may be trying to allege a claim against Core Civic, a private company, Plaintiff Chavez-Garnett does not allege that Core Civic instituted any official policy, or that any policy of Core Civic directly caused a violation of Plaintiff's constitutional rights. *Monell v. Dep't of Social Services of New York,* 436 U.S. 658 (1978); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480–85 (1986).  Therefore, Plaintiff's Complaint fails to state any factually sufficient § 1983 claim against Core Civic. *Monell,* 436 U.S. at 691; *Pembaur,* 475 U.S. at 480–85. (Doc. 7 at 5-6).

Further, if Plaintiff Chavez-Garnett is seeking to assert claims against Northwest New Mexico Correctional Center, the Correctional Center is a state detention facility and not a person or legally created entity capable of being sued. *White v. Utah*, 5 F. App'x. 852, 853 (10th Cir.

2001) (unpublished); *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014); *Kristich v. Metropolitan Detention Ctr.*, 2016 WL 5387675 at *2 (D.N.M. 2016). *See Wishneski v. Lea Cty. Det. Ctr.*, 2012 WL 1688890, at *2 (D.N.M. 2012; *Gallegos v. Bernalillo Cty. Bd. of Cty. Commissioners*, 272 F. Supp. 3d 1256, 1264–65 (D.N.M. 2017).  The Complaint does not state any claim for § 1983 relief against Northwest New Mexico Correctional Center. (Doc. 7 at 6).

Last, the Court determined that, if Chavez-Garnett is attempting to name the New Mexico Department of Corrections as a Defendant, the New Mexico Corrections Department is a state agency. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983. Therefore, the Complaint states no claim for relief against the New Mexico Corrections Department. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989).  (Doc. 7 at 6-7).

The Court dismissed the Complaint on the grounds that the broad, generalized, and conclusory allegations of the Complaint are factually insufficient and fail to state any claim for § 1983 relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). (Doc. 7 at 7). However, consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109-1110 (10th Cir. 1991) the Court granted Plaintiff Chavez-Garnett the opportunity to file an amended complaint to remedy the deficiencies in his Complaint.  (Doc. 7 at 7-8). The Court ordered Plaintiff to file his amended complaint within 30 days of entry of the Memorandum Opinion and Order and notified him that failure to file an amended complaint within that time may result in final dismissal of this action without further notice.  (Doc. 7 at 8).  Plaintiff has failed to file an amended complaint, failed to keep the Court apprised of his current address, and failed to communicate with the Court. Therefore, the Court will now dismiss this case, with prejudice, and enter final Judgment.

**IT IS ORDERED:**

(1) the Complaint for Violation of Civil Rights (Doc. 1) filed by Jacob Chavez-Garnett is **DISMISSED with prejudice** for failure to state a claim on which relief can be granted; and

(2) Final Judgment will be entered.

                                              WILLIAM P. JOHNSON
                                              CHIEF UNITED STATES DISTRICT JUDGE